MATHEWS, Justice.
In this case the appellant, in attempting to effect an appeal, on the 7th day of September, 1954, obtained a stipulation from all parties that 'he would have an additional twenty-three days to file the transcript of record, which additional time was up to and including September 30, 1954. A transcript of the record was filed in this Court on October 1, 1954, but 'the so-called transcript of record did not contain the testimony which was taken and heard before the trial Judge. On the same day, that is, October 1, 1954, there was filed in this Court a transcript labeled “Testimony”, containing 234 pages of what purports to be t'he testimony taken before the trial Judge.
On the 11th day of October, 1954, there was filed in this Court, on 'behalf of ap-pellees, a motion to strike and suppress the so-called testimony, and a motion to dismiss the appeal. On the 16th day of Oc *206 tober, 1954, there was filed, on behalf of the appellants, a motion to consider the transcript of testimony as part of the record on appeal.
The motion to strike and suppress the so-called testimony was on the ground that the same was wholly unauthorized, unwarranted and not properly lodged with the Clerk of this Court for the following reasons: it had never been filed with the Clerk of the Circuit Court of Manatee County; it was not certified by the Qerk, as required by the rules; it was not requested to be included in the transcript of record; it was not authenticated by any authorized person; it was not filed within the time required by law; and copy of said transcript of testimony was not served upon any of the appellees.
The motion to dismiss is based upon the presumption that the Court would strike and suppress the transcript of the testimony, and then contained the. following ground:
“With this filing stricken, suspended and eliminated there is no transcript of record before the court upon which this court can pass upon or consider the assignments of error made by appellant.”
In the appellants’ motion to consider the transcript of testimony as a part of the record on appeal the case of Fouts v. Fouts, Fla., 61 So.2d 322, is cited. The facts in the Fouts case are entirely different from the facts in this case and it is not applicable.
The record shows 14 assignments of error. Every assignment of error is based upon the testimony, except assignments 1, 2 and 3, and in order for us to pass upon such assignments of error, it would be essential that the transcript of testimony be included in the transcript of record or before this Court in a proper manner.
Assignment oí error number 1 is that the Court erred in finding that a contract existed between Eugene M. Hauer and Julia Hauer, his wife, and James R. Ward. The final decree shows that this finding by the Chancellor was based entirely upon the testimony taken before him.
Assignment of error number 2 is that the Court erred' in allowing James R. Ward to file an amended answer. An examination of the transcript shows that the amended answer award was filed pursuant to leave of Court and the said amended answer was proper.
Assignment of error number 3 is with reference to the failure of the trial Judge to dispose of the motion of the appellees Hauer and wife to strike the amended answer of appellees James R. Ward and Philip Hazazer., Examination of the final decree shows that the Court did dispose of this matter and that the disposition of the same was • based upon the evidence taken before the Chancellor.
, The motion of the appellant to consider the so-called transcript of testimony as a part of the record be, and the same is, hereby denied.
The motion of the appellees to strike and suppress the transcript of testimony be, and the same is, hereby granted.
'When the testimony is stricken and suppressed, there is no transcript upon which this Court can pass or consider the assignments of error and, therefore, the motion to dismiss the appeal be, and the same is, hereby granted.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.